IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| OTIS TABOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION,** |
| v. ) | **ORDER, AND RECOMMENDATION** |
| ) | |
| ) | 1:08CV351 |
| JOHN E. POTTER, POSTMASTER ) | |
| GENERAL, UNITED STATES ) | |
| POSTAL SERVICE, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(1), (5), and (6) (docket no. 4) and on a motion by Plaintiff for an extension of time to respond to Defendant's motion (docket no. 8). Plaintiff has attached a response brief to the motion for extension of time. Because the parties have not consented to the jurisdiction of the magistrate judge, the motion to dismiss must be dealt with by way of recommendation. For the following reasons, the motion for extension of time is granted and the court has considered Plaintiff's opposing brief in addressing the motion to dismiss. For the reasons stated herein, it will be recommended that the court grant Defendant's motion to dismiss.

**BACKGROUND**

On May 27, 2008, Plaintiff, a former United States Postal Service employee, filed a complaint against Defendant, alleging that the Postal Service has denied and

continues to deny him a security clearance, thus limiting his employment opportunities. Defendant contends that Plaintiff's claims should be dismissed for lack of subject matter jurisdiction, pursuant to FED. R. CIV. P. 12(b)(1), for insufficient service of process pursuant to FED. R. CIV. P. 12(b)(5), and for failure to state a claim upon which relief may be granted pursuant to FED. R. CIV. P. 12(b)(6).

**FACTS**

Plaintiff worked for the Postal Service for six years. He was fired in April 1996 after he allegedly threatened his supervisor.[1] (docket no. 1, ¶¶ 2-3.) Plaintiff alleges that since his termination from the Postal Service, he has been unable to secure employment requiring security clearance. More specifically, Plaintiff alleges that he has lost the following job opportunities because of the Postal Service's denial of a security clearance: (1) denial of security clearance to work with the Mecklenburg County Sheriff's Department in 2002; (2) denial of security clearance, causing termination from U.S. Airways in 2002; (3) denial of eligibility to be employed at U.S. Homeland Security in 2005; and (4) denial of the opportunity to be eligible for employment with Charlotte Mecklenburg County Police Department in 2006.

Plaintiff seeks declaratory relief compelling the Postal Service to provide Plaintiff with security clearance. The complaint alleges claims arising under "5USC

---

[1] As a result of his termination, Plaintiff filed a lawsuit against the Postal Service, alleging claims under the First Amendment and for retaliatory discharge. That suit was dismissed in 2000.

7101 et seq., 49 USC 1983, Title VII of the Civil Rights Act and the First Amendment to the United States Constitution."

**DISCUSSION**

Defendant first argues that the complaint should be dismissed for insufficient service of process pursuant to FED. R. CIV. P. 12(b)(5). Rules 12(b)(4) and 12(b)(5) provide that a court may dismiss a case due to "insufficiency of process" or "insufficiency of service of process" if the plaintiff fails to establish that he has properly effectuated service upon the defendants pursuant to Federal Rule of Civil Procedure 4. The party "on whose behalf service is made has the burden of establishing its validity when challenged; to do so, [he] must demonstrate that the procedure employed to deliver the papers satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law." 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1083, at 4370 (3d ed. 2002). Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1962); *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

Here, Defendant is the United States Postal Service. Rule 4(I) states that in order to serve the United States, its agencies, corporations, officers, or employees, a party must:

> (A)(I) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

FED. R. CIV. P. 4(i)(1). Rather than serving the United States attorney in accordance with Rule 4(i), Plaintiff provided service of summons on Defendant Postmaster General John Potter. Defendant contends that the complaint is therefore subject to dismissal pursuant to Rule 12(b)(5) for insufficiency of service of process. Plaintiff responds that service has been properly made and, alternatively, he should he given time to cure any defect in service. Here, although it does appear that the United States was not properly served with process, the court should overlook this defect because the United States no doubt received actual notice of the suit. In any event, for the reasons stated as follows, the complaint should be dismissed on the merits for failure to state a claim.

As noted, the complaint purports to allege claims arising under "5USC 7101 et seq., 49 USC 1983, Title VII of the Civil Rights Act and the First Amendment to the United States Constitution." First, 5 U.S.C. § 7101 et seq. relates to the rights, obligations, and ability of certain government employees to form limited labor unions. Furthermore, Title 49 addresses Transportation, and there is no Section 1983 in that

-4-

Title.[2] Third, with respect to claims under Title VII of the Civil Rights Act of 1964, Plaintiff has failed to allege discrimination or exhaust his administrative remedies. Finally, Plaintiff has wholly failed to articulate any set of facts constituting a violation of his First Amendment rights.

Moreover, Plaintiff's complaint seeks judicial review of a security clearance determination. The lower courts have construed the United States Supreme Court's opinion in *Department of the Navy v. Egan* as generally barring the right to judicial review of the merits of a security clearance determination.[3] *See Dep't of Navy v. Egan*, 484 U.S. 518, 530 (1988) (holding that the Merit Systems Protection Board has no authority to review an executive decision to revoke a security clearance); *see also Becerra v. Dalton*, 94 F.3d 145, 148-49 (4th Cir. 1996) (noting that unless Congress specifically provides otherwise, courts may not subject an agency's decision to revoke a plaintiff's security clearance to judicial review). In sum, Plaintiff has not stated any judicially recognizable claim based on Defendant's alleged failure to correct Plaintiff's record so that he will be allowed security clearance for

---

[2] To the extent that Plaintiff is attempting to allege a "claim" under 42 U.S.C. § 1983, section 1983 does not itself create any federal rights. It is merely a statutory vehicle through which a plaintiff may sue a person acting under color of state law for some violation of an independent statutory or constitutional right.

[3] Although courts have left open the possibility that a plaintiff may sue over a denial of security clearance where it violated the individual's constitutional rights, Plaintiff has wholly failed to state a claim here for a violation of any constitutional right, such as his First Amendment rights. *See Reinbold v. Evers*, 187 F.3d 348, 358 (4th Cir. 1999) ("We have . . . stated that, despite *Egan*'s admonition restraining judicial review, it is arguable that we could review an agency's security clearance decision in the limited circumstance where the agency's security clearance decision violated an individual's constitutional rights.").

employment.  Therefore, the lawsuit should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim.

**CONCLUSION**

For the reasons stated herein, Plaintiff's motion for extension of time (docket no. 8) is **GRANTED**.  Furthermore, **IT IS RECOMMENDED** that the court **GRANT** Defendant's motion to dismiss based on failure to state a claim (docket no. 4) and that the court dismiss this action with prejudice.

_____
WALLACE W. DIXON
United States Magistrate Judge

June 22, 2009